UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL MALONE, AKA JEAN MICHALE GUERIN,

Appellant,

v.

HYUNG-SIK HAROLD YOO, *et al.*,

Appellees.

CASE NO. C21-0646-RSM

ORDER DENYING APPELLANT GUERIN'S MOTION FOR EXTENSION OF TIME AND DISMISSING APPEAL

## I. INTRODUCTION

This matter comes before the Court on Appellant Michael Malone, AKA Jean Michale Guerin's Ex Parte Motion for Extension of Time to File Opening Brief. Dkt. #11. Pro se Appellees Hyung-Sik Harold Yoo and Eun-Mi Kim Yoo appeared on October 25, 2021 and filed a response opposing Guerin's motion the same day. Dkt. #13. Having considered Guerin's motion, Plaintiff's response, and the remainder of the record, the Court DENIES Guerin's motion and DISMISSES this appeal.

//

//

## II. BACKGROUND

This bankruptcy appeal follows a lengthy history of litigation between the Yoos and Guerin. *See* Fed. R. Evid. 201(c)(1) (court may take judicial notice on its own). As described by Judge Barreca, U.S. Bankruptcy Judge for the Western District of Washington, parties have been engaged in a "longstanding feud" originating from the Yoos' purchase of property from Guerin in 2007 that led to a dispute over easements for water and septic lines. *Yoo v. Guerin*, 18-01051-MLB (W.D. Wash. Bankr. Ct.) (Nov. 6, 2019), Dkt. #173 at 6:4-12.

In July 2016, the Yoos filed a lawsuit against Guerin in Whatcom County Superior Court related to Mr. Yoo's termination from Boeing after Defendant falsely reported that Mr. Yoo was threatening physical violence on Boeing's personnel and property. *Yoo v. Malone a.k.a. Guerin*, No. 16-2-01164-7 (Whatcom Cnty. Super. Ct.) (July 16, 2016), Dkt. #3. The court granted the Yoos' summary judgment motion on their claims of defamation and tortious interference with business expectancy and entered judgment in the amount of $2,200,506.62. *Id.* The Yoos also pursued a separate action against Guerin for placement of a frivolous lien on their property, for which the court awarded the Yoos $3,370.00. *Yoo v. Malone a.k.a. Guerin*, No. 16-2-1176-1 (Whatcom Cnty. Super. Ct.) (Sept. 23, 2016).

On February 1, 2018, Guerin filed for Chapter 7 Bankruptcy. *In re Guerin*, 18-10438-MLB (W.D. Wash. Bankr. Ct.) (Feb. 1, 2018). The Yoos initiated an adversary proceeding on May 8, 2018 requesting that the court deny Guerin's discharge of debt and find non-dischargeable all judgments against Guerin entered in favor of the Yoos. *Yoo v. Guerin*, 18-01051-MLB (W.D. Wash. Bankr. Ct.) (May 8, 2018), Dkt. #1. Guerin counterclaimed that the judgment liens impaired his homestead and should be avoided under 11 U.S.C. § 522(f), that certain allegations the Yoos made were frivolous and vexatious, that the Yoos repeatedly made knowingly false statements

about Guerin with intent to injure, and that the Yoos willfully and maliciously damaged Guerin's water system post-petition. *Id.*, Dkt. #5.

After more than a year of litigation in the adversary proceeding, the Yoos' legal counsel withdrew and the Yoos proceeded pro se. *Id.*, Dkt. #85. On November 6, 2019, the bankruptcy court concluded that the debt created by the underlying claims in the state court judgment was non-dischargeable under Section 523(a)(6) and dismissed the Yoos' remaining claims under Section 727(a)(2) and (4). *Id.*, Dkt. #173 at 21:10-15. The bankruptcy court subsequently denied Guerin's counterclaims and denied Guerin's motion for reconsideration. *Id.*, Dkts. #255, #262. This appeal followed.

On May 17, 2021, this Court received the appeal from the U.S. Bankruptcy Court for the Western District of Washington. Dkt. #2. The record was completed and the Certificate of Record filed with this Court on August 16, 2021. Dkt. #9. Pursuant to W.D. Wash. LCR 88(c)(2), the briefing schedule was set as follows:

Appellant Brief due by 9/27/2021

Appellee Response due by 10/27/2021

Appellant Reply due by 11/10/2021

*Id.*; Dkt. #10.

On October 7, 2021, Guerin moved for a 30-day extension of time to file an opening brief, stating that a revised deadline of October 27, 2021 "should be more than sufficient" to complete the brief. Dkt. #11 at 2. Because Appellees had not yet appeared in this matter, the extension request was filed ex parte. *Id.* On October 25, 2021, the Yoos appeared and filed their response brief that same day. Dkt. #14. On October 28, 2021, Guerin filed his opening brief. Dkt. #15.

//

## III. DISCUSSION

### A. Legal Standard

Federal Rule of Bankruptcy Procedure 8018(a) sets forth the following timeline for bankruptcy appeals:

> (a) Time to Serve and File a Brief. The following rules apply unless the district court or BAP by order in a particular case excuses the filing of briefs or specifies different time limits:
>
> (1) The appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically.
>
> (2) The appellee must serve and file a brief within 30 days after service of the appellant's brief.
>
> (3) The appellant may serve and file a reply brief within 14 days after service of the appellee's brief, but a reply brief must be filed at least 7 days before scheduled argument unless the district court or BAP, for good cause, allows a later filing.
>
> (4) If an appellant fails to file a brief on time or within an extended time authorized by the district court or BAP, an appellee may move to dismiss the appeal—or the district court or BAP, after notice, may dismiss the appeal on its own motion. An appellee who fails to file a brief will not be heard at oral argument unless the district court or BAP grants permission.

Fed. R. Bankr. P. 8018(a). The language of the rule provides that the Court may "specif[y] different time limits" and may allow "an extended time" to file a brief. *Id.*

Under Bankruptcy Rule 9006, a court may permit a movant's late filing if the movant's failure to meet the specified deadline "was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). In construing Rule 9006(b)(1), the U.S. Supreme Court interpreted "neglect" as "negligence," and concluded "that the 'excusable' portion of the term would provide the limitations necessary to prevent abuse by the parties (at least in the bankruptcy context, but presumably wherever there is an exception for excusable neglect)." *Briones v. Riviera Hotel &*

*Casino*, 116 F.3d 379, 381 (9th Cir. 1996) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)).

In the absence of congressional guidance on "what sorts of neglect will be considered 'excusable,'" the Supreme Court identified four factors for courts to consider when determining whether neglect is "excusable": (1) danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs.*, 507 U.S. at 395. The Ninth Circuit has found that "[t]hese four enumerated factors, while not an exclusive list, provide a framework with which to determine whether missing a filing deadline constitutes 'excusable' neglect." *Briones Hotel & Casino*, 116 F.3d at 381. Having considered these factors, the Court finds that Guerin's counsel has not shown excusable neglect in missing the filing deadline.

*i. Danger of Prejudice*

Prejudice to the opposing party "requires greater harm than simply that relief would delay resolution of the case." *Lemoge v. United States,* 587 F.3d 1188, 1196 (9th Cir. 2009) (citing *TCI Grp. Life Ins. Plan v. Knoebber,* 244 F.3d 691, 701 (9th Cir. 2001)); *see also Bateman v. U.S. Postal Serv.,* 231 F.3d 1220, 1224–25 (9th Cir. 2000) (finding loss of a "quick victory" insufficient prejudice to deny relief under Rule 60(b)).

Guerin's motion for an extension of time does not address this factor. Upon review of the record and consideration of the particular circumstances of this case, the Court finds that granting Guerin's requested relief would inflict more prejudice on the Yoos than merely depriving them of a "quick victory." As demonstrated in the administrative record, the Yoos have been engaged in litigation with Mr. Guerin for over five years in an effort to recover judgments awarded to them

several years ago in state court. Although initially represented by counsel, the Yoos have been proceeding pro se since July 2019. As the prevailing party in the underlying bankruptcy proceeding, the Yoos are therefore prejudiced by any further delay to their recovery in this protracted matter.

Although prejudice to the movant is not an explicit *Pioneer* factor, the Ninth Circuit has deemed it worthy of consideration in appropriate circumstances. *Lemoge,* 587 F.3d at 1195; *see also S.E.C. v. Platforms Wireless Int'l Corp.,* 617 F.3d 1072, 1100 (9th Cir. 2010). Here, it is undisputed that Guerin would suffer prejudice if his untimely motion is denied. *See Lemoge,* 587 F.3d at 1195 ("[T]here is always prejudice to a movant whenever an untimely complaint is rejected, as for example when that is required by a statute of limitations."). Yet "lateness cannot be excused merely because the movant is prejudiced." *Id.* In contrast to *Lemoge*, which addressed a Rule 60(b) motion seeking to set aside dismissal for non-compliance with Rule 4(m)'s service requirements, this case was litigated on the merits in the bankruptcy court. Although denial of Guerin's motion would prevent him from pursuing his appeal, he would not suffer the "substantial prejudice" inflicted on plaintiffs barred from litigating their claims in the first instance.

For these reasons, having considered the respective danger of prejudice on both parties, the Court finds that this factor weighs in favor of the Yoos.

*ii. Length of Delay and Potential Impact on Judicial Proceedings*

Courts have considered delays of similar length "minor" when compared to other delays excused by the Ninth Circuit. *In re Hawaiian Airlines, Inc.*, No. CV. 08-00405 DAE-BMK, 2011 WL 1483923, at *5 (D. Haw. Apr. 18, 2011) (citing *Lemoge*, 587 F.3d at 1197). However, in considering the potential impact on bankruptcy proceedings, the Ninth Circuit has recognized "the need for expedient administration of the [b]ankruptcy estate aided by certain finality of orders

issued by the [c]ourt in the course of administration." *Galt v. Jericho–Britton (In re Nucorp Energy, Inc.),* 812 F.2d 582, 584 (9th Cir. 1987) (internal quotations and citation omitted). Indeed, even where a delay is not "significant" and a party's action "in seeking an extension does not, in and of itself, adversely affect judicial proceedings," courts have given weight to "the unique context of bankruptcy proceedings." *In re Rebel Rents, Inc.*, 326 B.R. 791, 804 (Bankr. C.D. Cal. 2005) (quoting *Nugent v. Betacom of Phoenix, Inc. (In re Betacom of Phoenix, Inc.),* 250 B.R. 376, 381 n.6 (9th Cir. BAP 2000)). Here, the Court takes judicial notice that there are no other pending adversary proceedings and no other pending appeals. Considering the policy favoring finality of bankruptcy orders, the acceleration of appeals, and the context of parties' protracted litigation, the this factor weighs in favor of the Yoos.

*iii. Reason for Delay*

Guerin's counsel, Marc Stern, explains that at the time he received the certificate from the court showing that the record was finally complete, he was "embroiled in a very messy and contentious chapter 11 case in the United States Bankruptcy Court and a complex receivership in Snohomish County." Dkt. #11 at ¶ 2. The motion further explains that the opening brief was "mostly written" but that citations to the record were taking "a substantially longer time than [Stern] ever could have estimated." *Id.*

While Mr. Stern's caseload may have been beyond his control, courts in this circuit have declined to find an attorney's neglect excusable where "a scintilla of foresight" would have prevented the error. *In re 6635 W Oquendo LLC*, No. 2:19-CV-1961 JCM, 2020 WL 533133, at *2 (D. Nev. Feb. 3, 2020). Mr. Stern claims that he required an additional thirty days to complete citations to the record, but this explanation provides no insight into why he delayed moving for an extension of time until after the deadline expired. For that reason, the gravamen of his motion is

that he was busy and neglected the deadline. Where it is undisputed that the sole reason for delay was the admitted negligence of counsel, and that the delay was squarely within counsel's control, courts have found that this factor weighs heavily against the movant. *In re Rebel Rents, Inc.*, 326 B.R. 791, 806 (Bankr. C.D. Cal. 2005) ("As the Supreme Court explained in *Pioneer,* the misinterpretation of unambiguous procedural rules usually goes against finding excusable neglect."). Having considered Mr. Stern's cursory explanation, as well as the unambiguous filing deadlines set forth in the Federal Rules of Bankruptcy Procedure, the Court finds that this factor weighs heavily in favor of the Yoos.

*iv. Good Faith*

Guerin does not expressly address this factor in his motion. In their response brief, the Yoos claim that Guerin's appeal is a "frivolous legal maneuver," Dkt. #14 at 1, suggesting that Guerin's effort to prolong this litigation through a time extension was not made in good faith. The Court cannot conclude on the limited record that Guerin's motion was made in bad faith. However, the scant detail provided in his motion, combined with the fact that Guerin's opening brief was still filed a day past the deadline requested in his motion, makes it difficult for the Court to conclude that Guerin acted in good faith. For these reasons, the Court finds this factor neutral.

Having considered the balance of the factors, the Court finds that Guerin has not demonstrated excusable neglect under *Pioneer Inv. Servs.* to warrant a time extension. Accordingly, the Court denies Appellant's motion to extend time, strikes Appellant's opening brief, and dismisses Appellant's appeal.

## IV. CONCLUSION

Having reviewed Appellant Guerin's Motion for Time Extension and the remainder of the record, the Court ORDERS that:

(1) Appellant Guerin's Motion for Extension of Time, Dkt. #11, is DENIED;

(2) Appellant's opening brief is STRICKEN;

(3) Appellant's appeal is DISMISSED.

DATED this 2nd day of December, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE