UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL MALONE, AKA JEAN MICHALE GUERIN,<br><br>Appellant,<br><br>v.<br><br>HYUNG-SIK HAROLD YOO, *et al.*,<br><br>Appellees. | Case No. C21-0646-RSM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Appellant Michael Malone, aka Jean Michale Guerin's Motion for Reconsideration. Dkt. #19. In a nutshell, Appellant argues that the Court's Order denying his Motion for Extension of Time was manifest error because "Appellee can show no prejudice" and because "it was virtually impossible to file the Opening Brief with citations to the record because it took almost 14 days to compile and label the exhibits and Record on Appeal." *Id.* at 2–3.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2). No response to a motion for reconsideration shall be filed unless requested by the court. LCR 7(h)(3).

ORDER DENYING MOTION FOR RECONSIDERATION - 1

The Court has determined that no response brief is necessary. Appellant does not point to new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Instead, Appellant argues that the Order was manifest error. Appellant cites to cases discussing sanctions. The Court's Order at issue correctly interpreted this matter not as a sanction but as a violation of Bankruptcy Rule 8018(a). The Order discussed Bankruptcy Rule 9006 and applicable case law. The Court weighed evidence of prejudice to the opposing party along with the length of the delay, the reason for the delay, and whether Appellant acted in good faith. *See* Dkt. #17 at 5 (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Appellant fails to show that this analysis was in error. Appellant argues now that there was no prejudice to Appellees, but failed to address prejudice in the underlying Motion. In any event, the Court found that granting the extension would prejudice Appellees given the previous delays and other unique circumstances of this case. Appellant fails to adequately explain why he was unable to prepare the Opening Brief within the deadline and fails to address the Court's analysis of the negligence of counsel caselaw.

In sum, Appellant fails to show manifest error in the Court's prior ruling or any other valid basis for reconsideration. Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Appellant's Motion for Reconsideration, Dkt. #19, is DENIED. This case remains CLOSED.

DATED this 16th day of May, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION - 2